IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

GUIDEHOUSE INC.,

Plaintiff, Case No.: 1:26-cv-05765

-against-

COMMUNITY FEDERAL SAVINGS BANK,

ANSWER AND COUNTERCLAIMS

Defendant.

-----------------------------------------------------X

Defendant, Community Federal Savings Bank ("CFSB"), by its attorneys, Heller Horowitz & Feit, for its answer to the complaint, and counterclaims, alleges:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. Admits the allegations in paragraphs 2, 3, and 4, except denies that the CFSB office in Woodhaven is CFSB's only office.

3. Denies the allegations contained in paragraphs 5 through 16, except admits that CFSB executed the documents referred to in those paragraphs and respectfully refers the Court to those documents for a true and correct statement as to the contents thereof; and further admits that plaintiff sent defendant certain invoices, some of which CFSB has not paid.

4. Denies the allegations contained in paragraphs 17 through 23.

5. Denies the allegations contained in paragraph 24 and 25, except admits plaintiff sent the demand letter referred to in paragraph 24. With respect to paragraphs 26, 34, and 42, CFSB repeats and realleges each of its responses to the paragraphs referred to therein.

6. Denies the allegations contained in paragraphs 27 through 33, 35 through 41, and 43 through 49, except admits that the parties executed the agreements and statements of work referenced in the complaint, and respectfully refers the Court to those documents for a true and correct statement as to the contents thereof, and admits that plaintiff sent invoices to defendant CFSB, and further admits that CFSB did not pay certain of those invoices..

As and For a First Affirmative Defense and Counterclaim

7. Beginning in or about November 2022, plaintiff and counterclaim – defendant Guidehouse, signed a number of agreements and Statements of Work ("SOWs"), and amendments with respect thereto, concerning work and services to be performed, and certain deliverables to be provided, by plaintiff to the defendant. These documents are annexed as exhibits to the complaint.

8. Plaintiff and counterclaim-defendant Guidehouse has breached the agreements and SOWs in at least the following respects:

9. First, the very first agreement between the parties dated November 3. 2022, provided that Guidehouse would make "every reasonable effort to perform the assignment in a cost - effective manner". Moreover, each of the agreements and SOWs, as well as the amendments thereto, contained estimates provided by Guidehouse of, and/or caps on, the fees which Guidehouse represented would be charged for the work described therein. The total amount of the estimates and caps with respect to the fees that Guidehouse represented it would charge CFSB in all of the agreements and SOWs combined, was less than $1 million.

10. Nevertheless, and despite the estimates and caps provided in the agreements and SOWs, Guidehouse billed CFSB more than $8 million, pursuant to the agreements and SOWs, and CFSB has paid Guidehouse more than $6 million. Upon information and belief, Guidehouse's

exorbitant overbilling was the result, *inter alia*, of Guidehouse: (a) using multiple unnecessary employees to perform the same tasks; (b) unnecessarily using multiple higher-priced employees to perform the work that lower priced employees could and should have done; (c) concealing from CFSB information regarding Guidehouse's internal estimates of anticipated fees and expenses, which if known to CFSB, would have led to the negotiation of more reasonable caps and estimates, or to an informed decision by CFSB not to enter into any agreements or SOWs with Guidehouse at all; (d) inserted estimates and caps into the agreements and SOWs which it knew, or should have known, were not reasonable, in order to induce CFSB to enter into the agreements and the SOWs; and (e) billing CFSB for work which was not authorized by the agreements or SOWs.

11. Second, Guidehouse further breached the agreements and SOWs, in that it (a) failed to perform the agreed upon work in a competent and efficient manner; (b) failed to perform all of the work required by the agreements and SOWs; and (c) failed to provide CFSB with certain agreed upon deliverables.

12. By reason of the foregoing, CFSB has been damaged in an amount not as yet ascertained, but at least in the sum of $6 million.

<u>As and For A Second Affirmative Defense and Counterclaim</u>
(Alternative Claim for Unjust Enrichment)

13. CFSB repeats and realleges each of the allegations set forth in paragraphs 7 through 11 above, with the same force and effect as if fully set forth herein.

14. Guidehouse has been enriched by the more than $6 million paid to it by CFSB.

15. Equity and good conscience militate against permitting Guidehouse to retain the more than $6 million paid to it by CFSB.

16. CFSB has been damaged in an amount not as yet ascertained, but at least in the sum on $6 million.

As and For a Third Affirmative Defense and Counterclaim
(Breach of the Covenant of Good Faith and Fair Dealing)

17. CFSB repeats and realleges each and every allegation contained in paragraphs 7 through 15 above, with the same force and effect as if fully set forth herein.

18. Guidehouse's conduct, as described in paragraphs 9 and 10 above, was designed by Guidehouse to, and did, create a reasonable expectation on the part of CFSB, that the estimates and caps set forth in the agreements and SOWs were reasonable and that Guidehouse's fees would be reasonable, or at least bear a reasonable relationship with those estimates and caps.

19. Guidehouse's conduct as described in paragraphs 10 and 11, and its billing of more than $8 million, if not an actual breach of contract, was inconsistent with CFSB's reasonable expectations, created by Guidehouse, and therefore constitute a breach of the covenant of good faith and fair dealing.

20. By reason of the foregoing, CFSB has been damaged in an amount not as yet ascertained, but at least in the sum of $6 million.

As and For a Fourth Counterclaim

21. CFSB repeats and realleges each of the allegations set forth in paragraph 7 with the same force and effect as if fully set forth herein.

22. The agreement between the parties dated July 27, 2023 (exhibit B to the complaint, page 5) provides that "Guidehouse shall maintain complete and accurate accounting records … to substantiate its charges and expenses hereunder. Guidehouse … shall permit Client [CFSB] to audit such records at any time upon reasonable prior notice to Guidehouse and during normal business hours."

23. On or about March 22, 2026, CFSB invoked its audit rights pursuant to the July 27, 2023 agreement. Guidehouse has breached the agreement, in that it never responded to CFSB's request, and as a result, CFSB has been unable to enforce its audit rights.

24.. CFSB has no adequate remedy at law

WHEREFORE, CFSB demands judgment as follows:

a. Dismissal of the complaint;

b. Damages in an amount to be award by the Court but at least $6 million;

c. A mandatory injunction requiring Guidehouse to submit to an audit pursuant to the July 27, 2023 agreement;

d. The costs of the litigation including reasonable attorneys fees.

Dated: New York, New York
November 5, 2026

**HELLER HOROWITZ & FEIT, P.C.**

Stuart A. Blander

260 Madison Avenue, 17th Floor
New York, New York 10016
Tel: 917-282-4163
Email: sablander@hhandf.com
*Attorneys for Defendant*

## JURY DEMAND

CFSB hereby demands a trial by jury with respect to all issues except for the fourth counterclaim

Dated: New York, New York
November 5, 2026

**HELLER HOROWITZ & FEIT, P.C.**

_______________________________
Stuart A. Blander

260 Madison Avenue, 17th Floor
New York, New York 10016
Tel: 917-282-4163
Email: sablander@hhandf.com
*Attorneys for Defendant*